IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NOEL HERNANDEZ
c/o 519 H Street NW
Washington, DC 20001

    Plaintiff,

v.

BRAXTON RESTAURANT & BAR, LLC
d/b/a MR. BRAXTON BAR & KITCHEN
3632 Georgia Avenue NW
Washington, DC 20010

BOOKER THEODORE PARCHMENT
2420 14th Street NW, Apt. 222
Washington, DC 20009

    Defendants.

Civil Action No. _____

# COMPLAINT

1. While Plaintiff worked for Defendants' restaurant, Defendants: (a) did not pay Plaintiff overtime wages for his overtime hours, and (b) engaged in a practice of "time shaving," whereby they did not pay Plaintiff for all the time that he actually worked.

2. Plaintiff brings this action against Braxton Restaurant & Bar, LLC and Booker Theodore Parchment ("Defendants") to recover damages for Defendants' willful failure to pay regular and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

**Jurisdiction and Venue**

3.     Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or alternatively because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**Parties**

5.     Plaintiff Noel Hernandez is an adult resident of the District of Columbia.

6.     Defendant Braxton Restaurant & Bar, LLC is a District of Columbia limited liability company. It does business as Mr. Braxton Bar & Kitchen. Its principal place of business is located at 3632 Georgia Avenue NW, Washington, DC 20010. Its registered agent for service of process is Legalinc Corporate Services, Inc., 1325 G Street NW, Suite 500, PMB #850, Washington, DC 20005.

7.     Defendant Booker Theodore Parchment is an adult resident of the District of Columbia. He resides at 2420 14th Street NW, Apt. 222, Washington, DC 20009. He is an owner and member of Defendant Braxton Restaurant & Bar, LLC. He exercises control over the operations of Braxton Restaurant & Bar, LLC — including its pay practices.

**Factual Allegations**

8.     Defendants own and operate the restaurant Mr. Braxton Bar & Kitchen, located at 3632 Georgia Avenue NW, Washington, DC 20010.

9.     Plaintiff worked at Mr. Braxton Bar & Kitchen from approximately July 25, 2019 through approximately February 12, 2023.

10.    Because of the COVID-19 pandemic, Plaintiff was laid off from approximately March 14, 2020 through approximately July 12, 2020.

11.     Plaintiff worked at Mr. Braxton Bar & Kitchen as a cook.

12.     Plaintiff's job duties at Mr. Braxton Bar & Kitchen primarily consisted of preparing and cooking food, and cleaning the kitchen at the end of his shift.

13.     Plaintiff typically and customarily worked six days per week.

14.     Plaintiff typically and customarily worked fifty to sixty hours per week.

15.     At all relevant times, Defendants paid Plaintiff by the hour.

16.     At all relevant times, Defendants paid Plaintiff $17.00 per hour.

17.     At all relevant times, Defendants paid Plaintiff by check with an accompanying paystub.

18.     At all relevant times, Plaintiff worked more than forty hours per workweek for Defendants.

19.     At all relevant times, Defendants paid Plaintiff the same regular hourly rate across all hours worked.

20.     At all relevant times, Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

21.     For example, as shown by the following paystub, for the two-week pay period of January 2–15, 2023, Defendants paid Plaintiff $1,580.66 for 92.98 hours of work — or $17.00 per hour across all 92.98 hours of work ($17.00 × 92.98 = $1,580.66):

```
Braxton Restaurant & Bar, LLC   Payroll Account                                                          4012

Employee                                                    SSN
NOEL HERNANDEZ, 3055 16TH ST NW, WASHINGTON, DC 20009       ***-**-8765
                                                            Pay Period: 01/02/2023 - 01/15/2023    Pay Date: 01/20/2023

Earnings and Hours      Hours    Rate    Current    YTD Amount
Hourly                  92.98    17.00   1,580.66   2,810.10

Taxes                                    Current    YTD Amount
Medicare Employee Addl Tax               0.00
Federal Withholding                      -6.00      -6.00
Social Security Employee                 -98.00     -174.23
Medicare Employee                        -22.92     -40.75
DC - Withholding                         -10.30     -10.30
                                         -137.22    -231.28

Net Pay                                  1,443.44   2,578.82


Mr. Braxton Bar & Kitchen, 3632 Georgia Ave NW, Washington, DC 20010, Braxton Restaurant & Bar, LLC
```

22. Moreover, Defendants engaged in a practice of "time shaving," whereby they did not pay Plaintiff for all the time that he actually worked.

23. In calculating Plaintiff's biweekly pay, Defendants typically and customarily subtracted an average of ten hours from the number of hours Plaintiff actually worked.

24. Defendants owe Plaintiff approximately $50,490.00 in regular and overtime wages (excluding liquidated damages).

25. Defendant Booker Theodore Parchment participated in the decision to set Mr. Braxton Bar & Kitchen's hours of operations.

26. Defendant Booker Theodore Parchment hired and fired employees on behalf of Braxton Restaurant & Bar, LLC.

27. Defendant Booker Theodore Parchment participated in the decision to hire Plaintiff.

28. Defendant Booker Theodore Parchment set Plaintiff's rate and manner of pay.

29. Defendant Booker Theodore Parchment had the authority to sign checks on behalf of Braxton Restaurant & Bar, LLC.

30. Defendant Booker Theodore Parchment signed checks on behalf of Braxton Restaurant & Bar, LLC.

31. Defendant Booker Theodore Parchment signed Plaintiff's paychecks.

32. At all relevant times, each Defendant had the power to hire and fire Plaintiff.

33. At all relevant times, each Defendant had the power to control Plaintiff's work schedule.

34. At all relevant times, each Defendant had the power to supervise and control Plaintiff's work.

35. At all relevant times, each Defendant had the power to set Plaintiff's rate and manner of pay.

36. At all relevant times, each Defendant was aware that they were legally required to pay Plaintiff one and one-half times his regular hourly rate for all hours worked in excess of forty hours in any one workweek.

37. At all relevant times, each Defendant was aware that they were legally required to timely pay Plaintiff all wages legally due to him.

38. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

39. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

40. At all relevant times, Defendants had employees who handled food products, such as chicken, beef, or vegetables, that had been raised, slaughtered, or grown outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

41. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

42. Each Defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

43. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

44. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

45. Defendants' violations of the FLSA were willful.

46. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY OVERTIME WAGES UNDER THE DCMWA

47. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

48. Each Defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

49. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

50. Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

51. Defendants' violations of the DCMWA were willful.

52. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid overtime wages, an amount equal to three times the unpaid overtime wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
### FAILURE TO PAY WAGES UNDER THE DCWPCL

53. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

54. Each Defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

55. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

56. For purposes of the DCWPCL, "wages" include, among other things, regular and overtime wages. D.C Code § 32-1301(3).

57. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including regular and overtime wages.

58. Defendants' violations of the DCWPCL were willful.

59. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. *See Sivaraman v. Guizzetti & Assocs.*, 228 A.3d 1066, 1072 (D.C. 2020) ("[T]reble damages are mandatory, not discretionary, if requested."); *Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.").

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$206,264.60**, and grant the following relief:

    a. Award Plaintiff $201,960.00, consisting of the following overlapping elements:

        i. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

      ii.      unpaid overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

      iii.      unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.      Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c.      Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $3,902.60);

d.      Award Plaintiff court costs (currently, $402.00); and

e.      Award any additional relief the Court deems just.

May 1, 2023                                                    Respectfully submitted,

                                                                       **DCWAGELAW**

                                                                       By: /s/ Justin Zelikovitz
                                                                       JUSTIN ZELIKOVITZ, #986001
                                                                       519 H Street NW
                                                                       Washington, DC 20001
                                                                       Phone: (202) 803-6083
                                                                       Fax: (202) 683-6102
                                                                       justin@dcwagelaw.com

                                                                       *Counsel for Plaintiff*